NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMIL JUTROWSKI,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF RIVERDALE, *et al.*<br><br>Defendants. | Civil Action No.: 13-7351 (CCC)<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Defendants the state of New Jersey (by and through the New Jersey State Police), State Trooper Jeffrey Heimbach,[1] State Trooper James Franchino (in their representative and individual capacities), and Col. Rick Fuentes[2] (in his representative capacity as Chief Executive Officer of the New Jersey State Police) (collectively the "State Defendants") to dismiss the complaint of Plaintiff Emil Jutrowski ("Plaintiff"), (ECF No. 4),[3] as well as the motion of Defendants the Township of Riverdale, Chief Thomas Soules (in his representative capacity as Chief of the Riverdale Police Department), and Riverdale Police

---

[1] At various points in the parties' briefing, Trooper Heimbach is referred to as "Jeremy Heimbach."

[2] At points in the parties' briefing, Col. Fuentes is referred to as both "Rick" and "Joseph." Upon viewing of Col. Fuentes' biography, it appears both names are correct. See http://www.njsp.org/about/supt-bio.html, last visited July 31, 2014.

[3] The State Defendants' motion to dismiss was originally filed as a cross-motion to Plaintiff's motion to remand this matter. See ECF No. 4. However, Plaintiff subsequently withdrew the motion to remand. See ECF No. 13. Therefore, the Court will treat the State Defendants' motion as a standard motion to dismiss rather than a cross-motion.

Officers Travis Roemmele and Sgt. Christopher Biro (in both their individual and representative capacities) (collectively the "Town Defendants") to dismiss Plaintiff's complaint. (ECF No. 10). No oral argument was heard pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, Defendants' motions are denied in part and reserved in part.

## I.   BACKGROUND[4]

On June 23, 2010, Plaintiff was involved in a car accident. Compl. at ¶¶ 10-11. According to the complaint, the New Jersey State Police and Riverdale Township officers who are defendants in this matter arrived at the scene of his accident shortly thereafter. Compl. at ¶ 12. After the officers arrived, Plaintiff asserts that he requested medical help and then began filming his interaction with the officers, allegedly making them "frustrated" in the process. Compl. at ¶¶ 13-18. As a result of this, the officers prevented Plaintiff from obtaining medical help, and subsequently threw him to the ground and began kicking him. Compl. at ¶¶ 18-20. This assault caused Plaintiff to sustain severe injuries, subsequently resulting in the loss of his job due to his extensive recovery time. Compl. at ¶¶ 21-27. Finally, Plaintiff alleges that the officer defendants conspired to file "false and misleading police reports" omitting the Plaintiff's injuries. Compl. at ¶ 28.

The case currently before the Court is the second iteration of this litigation. On June 3, 2012, nearly two years after the original accident, Plaintiff filed Civil Action No. 12-3318 in the District of New Jersey (<u>Jutrowski I</u>) against all of the same Defendants as the instant case. <u>See</u> <u>Jutrowski I</u>, ECF No. 1. Plaintiff's complaint was substantially the same as his complaint in this

---

[4] All facts as described are taken as alleged in Plaintiff's complaint. For purposes of a motion to dismiss, the Court must accept all well-pleaded facts as true, drawing all inferences in favor of the non-moving party. <u>See</u> <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 128 (3d Cir. 2010).

case.[5] In his original six-count complaint, Plaintiff alleged violations of 42 U.S.C. § 1983 (Counts One and Two), violations of the State Tort Claims Act (Counts Three and Four), and conspiracy to violate his federal and state civil rights (Counts Five and Six). Id. On July 2, 2013, Magistrate Judge Dickson entered a Report and Recommendation to this Court that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction and failure to state a claim. See Jutrowski I, ECF No. 36. Judge Dickson's Opinion focused largely on the sovereign immunity granted to the state of New Jersey by the Eleventh Amendment. Id. at 3-4.[6] Judge Dickson also recommended that Plaintiff's conspiracy claims be dismissed for failure to state a claim, finding that Plaintiff's allegations failed to satisfy the pleading standards set forth by the Supreme Court. Id. at 5-6. This Court adopted Judge Dickson's Report and Recommendation on July 30, 2013, dismissing Plaintiff's complaint as to the State Defendants without prejudice. See Jutrowski I, ECF No. 37.

Rather than file an amended complaint, Plaintiff informed the Court that he intended to refile the matter against the same parties in the New Jersey state court. See Jutrowski I, ECF No. 39. Plaintiff filed a motion to voluntarily dismiss his complaint. See Jutrowski I, ECF No. 39. This Court then dismissed the complaint on September 30, 2013 at Plaintiff's request. See Jutrowski I, ECF No. 43.

After informing the Court of his intention to voluntarily dismiss his complaint, but before the motion was granted, Plaintiff filed the instant complaint in New Jersey Superior Court, Morris County, on August 29, 2013. See Def. Br. at 2. Defendants filed a timely notice of removal, with

---

[5] Plaintiff's current complaint contains a slightly different, though non-material characterization of the facts alleged, as well as one additional count for common law assault and battery.
[6] Judge Dickson's Report and Recommendation addressed only the State Defendants, and did not apply to the Town Defendants.

the State Defendants waiving their Eleventh Amendment immunity. See ECF No. 1. Although Plaintiff initially sought to remand this matter, see ECF No. 3, he later consented to this Court exercising jurisdiction over this case. ECF No. 13. The State Defendants filed the instant motion to dismiss on December 27, 2013, arguing that Plaintiff's claims were time-barred under the applicable statutes of limitation. See Def. Br. at 14-17. On January 16, 2014, the Town Defendants adopted the majority of the State Defendants' arguments in filing their own motion to dismiss. ECF No. 10.

## II.   DISCUSSION

In their motions to dismiss, the Defendants do not attack the factual basis for the complaint. Rather, they assert that when Plaintiff filed his complaint in state court, he did so after the expiration of the statutes of limitations applicable to his claims, barring him from bringing suit. Plaintiff argues that the applicable statutes of limitations were tolled during the pendency of his original federal complaint, and that his suit is therefore timely. Plaintiff's accident occurred on June 23, 2010. Compl. ¶ 10. The original federal suit in this matter was filed on June 3, 2012, roughly three weeks before the expiration of the applicable two-year statutes of limitations.[7] Thus, without tolling, Plaintiff's state court suit filed on August 29, 2013 would be untimely and therefore barred.

A statute of limitations bar is an affirmative defense. See Fed. R. Civ. P. 8(c). On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court's analysis of whether a claim is barred by the statute of limitations is restricted to the face of the complaint. See

---

[7] See below for a discussion of the various statutes of limitations relevant to Plaintiff's complaint.

4

Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 835 (3d Cir. 2011). If it cannot be determined from the face of the complaint whether or not a claim is untimely, a motion pursuant to Fed. R. Civ. P. 12(b)(6) may not be granted. Id.

New Jersey courts have taken a liberal view of the doctrine of equitable tolling. In Galligan v. Westfield Centre Service, Inc., the New Jersey Supreme Court explicitly held that the filing of a complaint later dismissed for lack of subject matter jurisdiction acts to toll the statute of limitations. 82 N.J. 188 (1980). The Galligan Court found that although repose is an important purpose of a statute of limitations, similarly important is a party's ability to answer allegations against them. Id. at 191-92. Finally, the Court found that statutes of limitations exist to prevent litigation of stale claims. Id. Despite these purposes, the Supreme Court held that "[u]nswerving, 'mechanistic' application of statutes of limitations would at times inflict obvious and unnecessary harm upon individual plaintiffs without advancing these legislative purposes." Id. at 192. To prevent this, the Court held that "public policy requires that in each case the equitable claims of opposing parties . . . be identified, evaluated and weighed . . . . Whenever dismissal would not further the Legislature's objectives in prescribing the limitation, the plaintiff should be given an opportunity to assert his claim." Id. at 192-93 (internal citations and quotations omitted). To ensure this, a mistaken selection of a court that has "questionable or defective jurisdiction" will not prevent tolling when the underlying purposes of the statute of limitations are otherwise satisfied.

In Galligan, much as in this case, the Plaintiff filed a timely action in federal court, only to have it later dismissed largely for lack of jurisdiction. Id. at 189-92. Additionally, in both Galligan and the instant case, the state court complaint was filed prior to final dismissal of the federal court action. Id. In tolling the statute of limitations in Galligan, the New Jersey Supreme Court found that the original, timely filing had put the Defendants on notice of possible claims against them,

and therefore would not prejudice their ability to litigate. Id. at 193-94.

Both the New Jersey courts and the Third Circuit have extended Galligan in recent years beyond cases dismissed in another forum for lack of subject matter jurisdiction. In Mitzner v. W. Ridgelawn Cemetary, Inc., the Appellate Division held that Galligan must be read broadly so as to effectuate the equitable principles on which it was based. 311 N.J. Super. 233, 237 (N.J. Super. Ct. App. Div. 1998) (applying Galligan where a federal court had dismissed an earlier filed case for lack of personal jurisdiction). In Staub v. Eastman Kodak Co., the Appellate Division applied Galligan in the context of an individual plaintiff's claims after the original class in a class action suit was denied certification by a federal court. 320 N.J. Super. 34 (N.J. Super. Ct. App. Div. 199). Finally, in Jaworowski v. Ciasulli, the Third Circuit abrogated one of its own earlier decisions in light of the broad reading of Galligan applied by the New Jersey courts. See 490 F.3d 331, 334 (3d Cir. 2007) (collecting cases reading Galligan broadly and extending Galligan to cases dismissed for lack of personal jurisdiction and finding that "the Supreme Court of New Jersey, if confronted with this issue, would agree . . . and find that the personal injury statute of limitations could be equitably tolled").

Counts One and Two of Plaintiff's complaint allege violations of 42 U.S.C. § 1983. Count One is for excessive force, Count Two is for the "failure to properly train, supervise and control officers." Count Five of Plaintiff's complaint alleges a conspiracy to violate his federal rights, also alleged under § 1983. The Supreme Court has held that in § 1983 actions, courts must apply the personal injury statute of limitations for the state in which the action takes place.[8] In New

---

[8] In federal civil rights cases, the Court looks not only to the relevant state statutes of limitations, but also any relevant state tolling rules. See Getchey v. County of Northumberland, 120 F. App'x

Jersey, the relevant statute is N.J.S.A. § 2A:14-2, which provides for a two-year statute of limitations. Finally, Count Seven of Plaintiff's complaint asserts a claim for common law Assault and Battery. This too is governed by New Jersey's general two-year statute of limitations for personal injury. Thus, the same two-year statute of limitations appears to apply to Counts One, Two, Five, and Seven of Plaintiff's complaint.[9]

Nothing in New Jersey's general statute of limitations evinces a purpose other than the archetypal purposes underlying such statutes, as discussed in Galligan. Therefore, the Court sees no reason that Galligan should not apply. Plaintiff timely filed his first complaint in the District of New Jersey. That most of the claims were later dismissed for lack of subject matter jurisdiction[10] does not undermine Defendant's right to litigate. New Jersey's tolling principles are not in conflict with the goals of § 1983, which are deterrence and compensation. See Bey v. Clementon Elementary Sch. Dist., Civ. No. 10-5609, 2011 WL 2973772, at *3-4 (D.N.J. July 21, 2011). Moreover, Defendants cannot argue that they did not have timely notice of Plaintiff's allegations. Finally, when it became apparent that his claims lacked subject matter jurisdiction before the District Court, Plaintiff diligently sought to dismiss his original action in order to file promptly in state court, which he did even before dismissal of Jutrowski I. Therefore, a rigid application of the statute of limitations would be unjust and unwarranted in this case.

---

895, 898 (3d Cir. 2005) (quoting Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000); see also Hardin v. Straub, 490 U.S. 536, 543-44 (1989).

[9] Count Three, Four, and Six are addressed later in the Court's Opinion.

[10] Counts One through Six of Plaintiff's original complaint were dismissed for lack of subject matter jurisdiction based on New Jersey's Eleventh Amendment sovereign immunity. See In re Camden Police Cases, Civ. No. 11-1315, 2011 WL 3651318, at *2 (D.N.J. Aug. 18, 2011). Counts against Col. Fuentes and the State Troopers, insofar as they were asserted against officers in their individual capacities, were dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). See 12-3318, ECF No. 36, at 5-6.

Although the State Defendants argue that their status as a sovereign entity entitles them to a more stringent application of the statute of limitations, they cannot overcome the weight of precedent in New Jersey evincing a clear intent to allow cases such as the one before the Court to move forward. Allowing New Jersey's status as a state to defeat an otherwise valid claim, especially given the State's change from its initial position regarding federal jurisdiction over this matter, would go against the policies embodied in both the New Jersey statutes of limitation and § 1983 itself. Accord Mills v. State Dept't of Treasury, 435 N.J. Super. 69, 78-79 (App. Div. 2014). Both federal and state courts in New Jersey have been willing to use Galligan in tolling claims against a public entity. See Clark v. Buchko, 936 F. Supp. 212, 222-23 (D.N.J. 1996); see also Kramer v. City of Jersey City, A-3373-12T4, 2014 WL 1257116, at *3 (N.J. Super. Ct. App. Div. Mar. 28, 2014). Therefore, the Court finds that it would be unjust and against the policy and intent of Galligan and the subsequent decisions interpreting that case to dismiss Plaintiff's complaint on that matter.

Next, Defendant argues that the individual claims against the State Troopers as well as Col. Fuentes must also be dismissed as time-barred. Although the individual counts in Plaintiff's first suit were dismissed for failure to state a claim, an area of law not explicitly covered by Galligan, they were dismissed without prejudice, allowing Plaintiff the opportunity to file an amended complaint. For practical purposes, there is little difference between the filing of an amended complaint and the filing of a new complaint in a different court, especially when the original dismissal can be construed as effectively remanding the case. Zacharias v. Whitman PLC, 345 N.J. Super. 218, 225-26 (N.J. Super. Ct. App. Div. 2001). Moreover, because the majority of Plaintiff's claims were dismissed for a lack of jurisdiction, the most efficient course of action at the time this Court granted the motion to dismiss was to file a new complaint in state court. To prevent Plaintiff

from going forward with his claims based upon an overly strict application of the statute of limitations would be inequitable and against the clear principles of the New Jersey courts. Thus, the Court finds that the statute of limitations will be equitably tolled as to all counts against the State and Town Defendants, including all individual defendants in their official capacities.

Finally, Defendant argues that Counts Three, Four, and Six must be dismissed as time-barred because, even if Galligan was controlling, it cannot be applied to Plaintiff's claims brought pursuant to the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:1-1 *et seq.*[11] Under the NJTCA, an injured party must file suit within two years. N.J.S.A. § 59:8-8, 9. Defendants cite one unpublished opinion, Astorino v. New Jersey Transit, for support. 2008 WL 2520513 (N.J. Super. App. Div. June 26, 2008). In Astorino, a factually distinct case from the one before the Court, the Appellate Division found that based on the policies underlying the Tort Claims Act and the requirement that it must be strictly construed, Galligan was inapplicable to suits brought under the Act. However, it must be noted that although Astorino references strict construction of the Tort Claims Act, the Appellate Division also noted that the Plaintiff in that case had been delinquent in filing a new suit in state court, and had also lacked a good faith basis for filing the initial complaint. Neither of those concerns is present in this case.

Even if Galligan's doctrine of equitable tolling is not available for Plaintiff, other equitable

---

[11] Plaintiff concedes that these three counts of his complaint are all filed pursuant to the NJTCA. See Pl. Br. at 13. Plaintiff's state conspiracy claim, although not grounded in any particular statute, would appear to be brought under the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-1. Although there is no specific statute of limitations for NJCRA claims, both federal and state courts in New Jersey have held that the same two-year statute of limitations applies to both § 1983 and NJCRA claims. See Brown v. City of Newark, Civ. No. 09-3752, 2010 WL 1704748, at *4 (D.N.J. Apr. 26, 2010).

doctrines may be applicable to his NJTCA claims. In fact, another panel of the Appellate Division has held that the statute of limitations for claims under the NJTCA may be tolled in certain circumstances. See Dunn v. Boro of Mountainside, 301 N.J. Super. 262, 275 (N.J. Super. App. Div. 1997). Additionally, New Jersey courts have used other doctrines to toll the NJTCA's statute of limitations. See Beauchamp v. Amedio, 164 N.J. 111 (2000) (recognizing that the discovery rule acts to toll the NJTCA statute of limitations). New Jersey courts have also developed the doctrine of substantial compliance, which may act to preserve a claim that is otherwise untimely.[12] Thus, even if Plaintiff's causes of action under the Tort Claims Act were not equitably tolled under Galligan, other doctrines may exist that would warrant tolling in this case. For purposes of judicial efficiency and to allow for full consideration of the issues, the Court will reserve judgment as to the remaining counts of Plaintiff's complaint and allow the parties to further brief the issue of equitable tolling and substantial compliance under the Tort Claims Act.

### III.   CONCLUSION

For the reasons discussed above, the Court finds that the New Jersey Supreme Court's application of equitable tolling principles applied to this case warrant the tolling of the statute of

---

[12] In Negron v. Llarena, utilizing many of the same policies underlying its earlier Galligan decision, the New Jersey Supreme Court held that if a party can satisfy a five-part test, the doctrine of substantial compliance will allow a tolling of the statute of limitations. 156 N.J. 296 (1998). To be entitled to substantive tolling, a party must demonstrate:

> (1) The lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim[;] and (5) a reasonable explanation why there was not a strict compliance with the statute.

Negron, 156 N.J. at 305 (internal citations and quotations omitted). However, because the parties did not address this doctrine in their arguments, the Court will decline to rule on these grounds at this time.

10

limitations for Counts One, Two, Five, and Seven of Plaintiff's complaint. The Court will reserve decision on the remaining counts of the complaint so as to allow the parties to submit additional briefing on the issues discussed above. Accordingly,

**IT IS**, on this 31st day of July, 2014

**ORDERED** that Defendants' motions to dismiss (ECF Nos. 4 and 10) are **DENIED** as to Counts One, Two, Five, and Seven of Plaintiff's complaint; and it is further

**ORDERED** that the Court will reserve decision as to Counts Three, Four, and Six of Plaintiff's complaint; and it is further

**ORDERED** that the parties shall simultaneously submit additional briefing within ten (10) days of the date of this Opinion and Order; and it is further

**ORDERED** that the parties shall contact the Chambers of Magistrate Judge Falk to arrange a scheduling and settlement conference.

_____
**CLAIRE C. CECCHI, U.S.D.J.**