NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMIL JUTROWSKI,<br><br>    *Plaintiff,*<br><br>v.<br><br>TOWNSHIP OF RIVERDALE, *et al,*<br><br>    *Defendants.* | Civil Action No. 13-7351<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the motion for reconsideration filed by Plaintiff Emil Jutrowski, D.E. 83, of the Court's grant of summary judgment in favor of Defendants. The Court's Opinion was issued on April 17, 2017, D.E. 81. ("Summary Judgment Opinion"). The State of New Jersey, New Jersey State Trooper Jeffrey Heimbach, New Jersey State Trooper James Franchino, and Colonel Rick Fuentes (collectively, the "State Defendants"), and the Township of Riverdale, Riverdale Police Officer Travis Roemmele, Riverdale Sergeant Christopher Biro, and Police Chief Thomas Soules (collectively, the "Riverdale Defendants") filed briefs in opposition to Plaintiff's motion. D.E. 86, 87. The Court reviewed all submissions made in support of the motions and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **DENIED**.

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This case pertains to allegations of excessive force by a single, unidentified police officer. The force was a kick to Plaintiff's face while Plaintiff was lying face down while multiple officers were attempting to access Plaintiff's hands, which were under Plaintiff's body. The matter turns

not on whether the kick was impermissibly excessive; Plaintiff has presented sufficient evidence to permit that issue to go to a jury. Instead, the crux of the Court's prior decision, of which Plaintiff currently seeks reconsideration, is Plaintiff's inability to identify (directly or circumstantially) the officer who kicked him.

Two Riverdale police officers (the "Individual Riverdale Officers"), two New Jersey State Troopers (the "Individual Troopers," and collectively the "Individual Officer Defendants"), and at least one non-party New Jersey State Trooper responded to an accident involving Plaintiff, which occurred on Route 287 North.[1] Plaintiff was legally intoxicated at the time and at least one Individual Officer Defendant stated that Plaintiff was being belligerent. During his interactions with the Individual Officer Defendants, Plaintiff was eventually knocked to the ground by an Individual Trooper Defendant because the Trooper feared for Plaintiff's and his own safety. The Individual Troopers and the non-party Trooper then began struggling with Plaintiff while he was on the ground. After Plaintiff was already on the ground, the Individual Riverdale Officers came over to the struggle. One Individual Riverdale Defendant assisted in restraining Plaintiff by holding Plaintiff's feet and the other stayed in the vicinity. Plaintiff alleges that during this struggle, one Individual Officer Defendant kicked him in the face one or two times, causing substantial injuries. Plaintiff cannot identify the alleged assailant.

In their motions for summary judgment, Defendants did not contest that Plaintiff was kicked. And although Plaintiff did not conclusively establish that he was in fact kicked, the Court "assume[d] that an Individual Officer kicked Plaintiff in the face after he was brought to the ground." Summary Judgment Opinion at 9. Plaintiff, however, provided no facts or circumstantial evidence by which a jury could determine who kicked him, or even which entity the assailant

---

[1] The citations supporting the facts were set forth in the Summary Judgment Opinion.

2

worked for. *Id.* Consequently, the Court determined that Plaintiff was essentially asking the Court (and as a result, a jury) to guess as to which Individual Defendant should be held liable. Due to this lack of evidence, the Court granted summary judgment for Defendants as to Plaintiff's Section 1983 excessive force claims. *Id.* at 10.

Plaintiff also argued that summary judgment should be denied because the Riverdale Defendants failed to produce a video recording of the incident. Plaintiff asked the Court to draw an adverse inference that the Riverdale Defendants destroyed or concealed the recording because it showed the individual who kicked Plaintiff. Plaintiff maintained that when the incident occurred, cameras in Riverdale Police cars automatically recorded when the emergency lights were activated. Plaintiff further asserted that the emergency lights on a Riverdale patrol car were on and, thus, the incident was recorded. The cameras in Riverdale Police cars could also record if an officer pressed the record button. Although Riverdale law enforcement personnel were required to record all vehicle stops, the Individual Riverdale Officer who was driving the car at issue did not press the record button when he exited the vehicle because he thought he was responding to an accident rather than a traffic stop.

In requesting that the Court draw an adverse inference as to the recording, Plaintiff assumed that there was a recording of the incident but that it was destroyed. The Court, however, refused to draw such an inference because Plaintiff failed to produce sufficient evidence establishing that a video even existed. Summary Judgment Opinion at 11-12.

## II. RECONSIDERATION STANDARD

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Substantively, a motion for reconsideration is viable when one of three scenarios

3

is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988).

### III. ANALYSIS

#### A. Excessive Force Claims

Plaintiff argues that the Court should reconsider its decision as to his claims for excessive force against the Individual Officer Defendants because it is not supported by case law. Plaintiff contends that the Court ignores cases holding that a plaintiff need not identify the specific wrongdoer as long as the plaintiff can demonstrate that a defendant was in the vicinity when excessive force occurred and had an opportunity to inflict the force. Plf's Br. at 7.

In its summary judgment Opinion, the Court relied on two precedential Third Circuit opinions, *Sharrar v. Felsing*, 128 F.3d 810 (3d Cir. 1997), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199, 209-11 (3d Cir. 2007) and *Howell v. Cataldi*, 464 F.2d 272 (3d Cir. 1972). Summary Judgment Opinion at 9-10. In *Sharrar* and *Felsing*, the Third Circuit determined that there was insufficient evidence to hold individual defendants liable for Section 1983 excessive force claims because the plaintiff did not have sufficient evidence to identify the wrongdoer. *See Sharrar*, 128 F.3d at 821; *Howell*, 464 F.2d at 282-83; *see also McNeil v. City of Easton*, 694 F. Supp. 2d 375, 399 (E.D. Pa. 2010) ("I am constrained to grant defendants' motion for summary

4

judgment because plaintiff has not provided any evidence as to *which* officer kicked him in the head.").

In making his argument for reconsideration, Plaintiff discusses a number of cases that were not addressed in his opposition to Defendants' motions for summary judgment. Because the Court based its ruling on cases that were not discussed at length by any party, Plaintiff maintains[2] that the Court should consider these new cases as "the Court's ruling was the first exposure Plaintiff had" to the Court's legal theory. Plf's Br. at 8. Generally, parties are only permitted to present new case law in a motion for reconsideration when there is an intervening change in the controlling law. *See In re Human Tissue Prods. Liab. Litig.*, No. 06-135, 2009 WL 1560161, at *2 (D.N.J. June 1, 2009). The Court, however, is cognizant of Plaintiff's concerns, *see* note 2 *supra*, and will therefore consider the cases cited by Plaintiff in his current motion. *See Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 612 (D.N.J. 2003) (concluding that when deciding a motion for reconsideration a court may, "in its discretion, consider arguments not made at the time of the original decision"). But, as will be discussed, Plaintiff's additional cases do not alter the Court's summary judgment decision.

At the outset, Plaintiff does not cite to any cases that overrule *Sharrar* or *Howell*, or otherwise demonstrate they are no longer good law. Although Plaintiff argues that *Sharrar* and

---

[2] Plaintiff also complains that the Court should not have addressed the issue – Plaintiff's inability to identify the officer who kicked him – because it was not raised in the summary judgment briefs. The Court disagrees. The Riverdale Defendants and the State Defendants both argued there was no evidence to support an excessive force claim as to the individual Riverdale or State Defendants, respectively. Riverdale SJ Br. at 3-7; State SJ Br. at 15-16. Thus, the Riverdale and State Defendants each asserted that Plaintiff could not identify any Individual Defendant from within their respective departments who kicked Plaintiff. In response, Plaintiff argued that a reasonable jury could infer that either a Riverdale Defendant or a State Defendant kicked him. Plf's Br. at 8-10. Plaintiff did not disagree with the Defendants' position or, more importantly, point to any direct or circumstantial evidence indicating that a specific officer kicked him. Nevertheless, as discussed, the Court will review the merits of Plaintiff's motion for reconsideration.

5

*Howell* are factually distinguishable to the case at hand, these factual discrepancies do not alter the clear holding that to support a claim for excessive force, a party must provide facts that reasonably identify the alleged wrongdoer. Moreover, the only published case that Plaintiff cites to in his motion for reconsideration, *Smith v. Mensinger*, is factually distinguishable and does not alter clear Third Circuit precedent. In vacating judgment for a number of corrections officer defendants in *Smith v. Mensinger*, the Third Circuit concluded that the extent of each officer's involvement was a factual dispute. Although the plaintiff could not see these officer defendants when the assault occurred, he alleged that *every* named defendant guard participated in the assault. 293 F.3d 641, 650 (3d Cir. 2002) (noting that Plaintiff testified three times that "all" of the named guards were involved in the alleged assault). In addition, the *Smith* court observed that it was uncontroverted that all of the defendant guards were in the area when the plaintiff was beaten. *Id.* at 650. Here, Plaintiff alleges that a single, unidentified officer kicked him. Yet, it is undisputed that at the time of the kick, five officers from two different entities were involved in the attempt to restrain Plaintiff. As noted, Plaintiff has not presented any direct or circumstantial evidence as to whom delivered the kick.

Plaintiff also cites to a number of unpublished cases. The cited cases, however, are not binding precedent. Moreover, all are clearly distinguishable from the facts presented in this matter.

First, in *Godnig v. Stroud Area Regional Police Department*, the court rejected the defendants' argument that the complaint should be dismissed because the plaintiff failed to identify which officers were responsible for the alleged excessive force. No. 15-2292, 2016 WL 4440282, at *6 (M.D. Pa. Aug. 23, 2016). Instead, the court concluded that the plaintiff sufficiently identified four officers from a single police department, and at the motion to dismiss stage, appropriately identified the personal involvement of each defendant. *Id.* Importantly, all four

6

named officers were involved in the allegedly improper conduct. *Id.* at *1. Similarly, in *Couden v. Duffy*, the plaintiff identified each of the three officers who allegedly used excessive force. No. 03-369, 2011 WL 6151411, at *6 (D. Del. Dec. 12, 2011). Of note, there were only four officers present, three of whom were alleged to have engaged in the excessive force. *Id.* at *6. The Plaintiff in *Couden* also had a witness who confirmed the identity of the officer who was not involved. *Id.*

In *D'Arrigo v. Gloucester City*, the court also rejected two individual officers' arguments that summary judgment should be granted on excessive force claims because the plaintiff was unable to identify the officers who punched and kicked him. No. 04-5967, 2007 WL 1755970, at *11 (D.N.J. June 19, 2007). In that case, the plaintiff could not identify his assailants. However, a police report and eyewitness testimony (in the form of another law enforcement officer) sufficiently identified the two defendant officers as the wrongdoers. Consequently, the court concluded that there was a genuine issue of material fact that precluded summary judgment as to these two defendants. *Id.* at *12.

In *Hudgon v. LaFleur*, the plaintiff could not identify the individual defendants by name. No. 07-3626, 2010 WL 2950004, at *4-5 (D.N.J. July 22, 2010). Nevertheless, Judge Kugler denied summary judgment for the defendant officers as to the excessive force claim. Among other things, Judge Kugler noted that multiple officers were involved in the allegedly improper conduct and admitted to taking the plaintiff to the ground and holding him there, which the plaintiff asserted was excessive. *Id.* at *4.[3] Similarly, in *Spencer v. Biggins*, although the plaintiff could not personally identify the individual officer defendants, he was clear that two officers were

---

[3] Judge Kugler also focused on the fact that the plaintiff could not identify by "name" the officers involved in allegedly (and repeatedly) "punching, kneeing, and kicking" the plaintiff after he had been taken to the ground. *Id.* at *5. In this matter, by comparison, Plaintiff cannot identify the alleged perpetrator by any means, including by name.

7

responsible for the excessive force used against him. No. 11-1850, 2013 WL 5702312, at *7 (M.D. Pa. Oct. 18, 2013). The two officers were named in an accompanying police report. Moreover, the actions of one of the defendant officers were not denied. *Id.* at at *7.

In all these cases relied on by Plaintiff, there was some evidence from which a jury could reasonably conclude that the named defendants had in fact engaged in excessive force. Here, although Plaintiff knows that the two Individual Troopers, a non-party State Trooper, and the two Individual Riverdale Officers were in the vicinity and could conceivably be the wrongdoer, he is unable to identify or point to evidence that create a material issue of fact as to which one of these five individuals actually kicked him. Thus, the facts at hand are materially different than those present in these unpublished cases.

Plaintiff also cites to *Abrahante v. Johnson*, which involved claims for failure to intervene[4] because the plaintiff could not identify the officer who used excessive force. No. 07-5701, 2009 WL 2152249, at *7 (D.N.J. July 14, 2009). *Miller v. Woodhead*, also relied on by Plaintiff, similarly addressed failure to intervene claims.[5] No. 08-3092, 2011 WL 817556, at *5 (D.N.J. Mar. 2, 2011). In this instance, Plaintiff did not assert failure to intervene claims. Consequently, *Abrahante* and *Miller* are inapposite.

---

[4] Failure to intervene is a cognizable theory of liability which applies to a law enforcement officer's duty to prevent another officer from using excessive force. *Smith v. Messinger*, 293 F.3d 641, 650-51 (3d Cir. 2002). A threshold issue is whether excessive force was in fact used. If there is excessive force, then an officer must have a "realistic and reasonably opportunity to intervene" before the officer can be liable for failing to intervene. *Id.* (citation omitted).

[5] *Miller* also involved an excessive force claim; the plaintiff alleged that multiple police officers punched, kicked, and maced him. *Miller*, 2011 WL 817556, at *1. The *Miller* court also denied the motion for summary judgment as to the excessive force count because the evidence demonstrated that the officers participated in and had physical contact with the plaintiff. One of the officers also admitting to punching and macing the plaintiff while another admitted to putting a knee on the plaintiff's neck. *Id.* at *5.

8

In sum, the additional cases cited by Plaintiff do not alter the Court's decision granting summary judgment as to the excessive force claims.

## B. Spoliation

Plaintiff argues that the Court also failed to correctly apply the summary judgment standard when it refused to make an adverse inference as to the Riverdale Defendants' failure to produce a video recording of the incident. Plaintiff maintains that he met his burden of establishing that the dashboard camera was recording and that the recording would have shown an unobstructed view of the events. Plf's Br. at 18. Thus, Plaintiff contends that at the summary judgment stage the Court should have rendered all inferences in his favor, as the non-moving party, and concluded that the Riverdale Defendants "willfully failed to produce the recording." *Id.* at 8.

In making this argument, however, Plaintiff does not contend that the Court committed a clear error of law or that reconsideration is necessary to prevent manifest injustice. Consequently, Plaintiff does not assert a proper basis upon which the Court could reconsider its decision regarding the video recording. *See, e.g.*, *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010) ("A decision suffers from 'clear error' only if the record cannot support the findings that led to that ruling."); *Sabbagh v. City of Hackensack*, No. 10-900, 2013 WL 3336757, at *2 (D.N.J. June 28, 2013) ("To prevail under the manifest injustice prong, the movant must show that dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.") (quoting *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012))) (internal quotations and brackets omitted).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (D.E. 83) is **DENIED.** An appropriate Order accompanies this Opinion.

Dated: July 11, 2017

_____
John Michael Vazquez, U.S.D.J.